[No. 13610.  In Bank. — May 25, 1891.]

JOHN A. LANGAN, APPELLANT, *v.* THOMAS F. LANGAN ET AL., RESPONDENTS.

CONSIDERATION OF NOTE — WRITTEN AGREEMENT — PAROL EVIDENCE. — Although parol evidence is admissible of a consideration different from that named in a contract or deed, or to show a separate oral agreement constituting a condition precedent to the taking effect of a written obligation, yet oral evidence which has the effect to add to and vary the terms of a written agreement, which was the consideration for a note, by proving a contract to sell other and different property from that described in the agreement, is not admissible in an action on the note.

ID. — FAILURE OF CONSIDERATION — NOTE GIVEN FOR PRIOR NOTE — WRITTEN AGREEMENT AS TO CONSIDERATION OF FIRST NOTE. — Oral evidence that certain land-warrants were a part of the consideration of a note, and that such consideration had failed, is inadmissible in an action upon the note, where it appears that the note was given in consideration of a prior note, and that the prior note had a contract attached to it describing the note, and containing an agreement on the part of the payee of the note to sell to the maker certain other property described therein, compliance with which was to be the full consideration for the note.

NEW TRIAL — DECISION AGAINST LAW — CONTRADICTORY FINDINGS. — A judgment based upon contradictory findings is a decision against law, for which a new trial may be had.

APPEAL — DISMISSAL — STIPULATION EXTENDING TIME. — An appeal from a judgment taken more than one year after the date of its entry will be dismissed by the appellate court on its own motion, notwithstanding a stipulation between the parties extending the time.

APPEAL from a judgment of the Superior Court of Merced County, and from an order denying a new trial.

The following are the fourth, fifth, sixth, seventh, and eleventh findings, referred to in the opinion of the court: 4. That on or about December 1, 1884, plaintiff agreed to sell to defendant and to give a bill of sale to one thousand head of sheep, and a deed to all plaintiff's rights in the homestead of Honora Langan, and a one-fourth interest in the Hezekiah M. Martin tract of land, otherwise described as lots 3, 4, and 5, in section 6, township 13 south, range 10 east, Mount Diablo meridian, and a one-half interest in two express-wagons, and all the improvements on said ranch, for three thousand dollars, and took defendant's note therefor, at sixty days, without interest; that at the time of the execution of the said note for three thousand dollars it was agreed in writing, between the plaintiff and defendant Thomas F. Langan, to the effect if said defendant T. F. Langan would pay one per cent per month interest on two thousand dollars of said note, and secure the payment of said two thousand dollars by a mortgage on the homestead of Honora Langan, and the said Hezekiah M. Martin tract of land, and in other ways (not specified), then, in that event, plaintiff would extend the time of payment to a time not to exceed two years from the date of said agreement, to wit, from the third day of December, 1884, and upon the giving of said security as provided in said agreement, plaintiff agreed to give said bill of sale for said sheep, and deeds for said lands, and said one-half interest in said express-wagons, and improvements on said ranch, but until such security was given, or until said note was paid, the title in the sheep and ranch were to remain as at the time of the execution of the said note and agreement; 5. That defendant T. F. Langan never received the payment of said two thousand dollars, as provided in said agreement, but after maturity of said three-thousand-dollar note, said defendant T. F. Langan paid plaintiff one thousand dollars thereon, and executed and delivered to plaintiff a new promissory

note, which was for the sum of two thousand dollars, which was signed by defendants, T. F. Langan and Jane Langan, and delivered to and accepted by the plaintiff, and is the note sued on in this action; 6. That on or about the twenty-fifth day of April, 1885, four months and twenty-two days after said agreement of December 3, 1884, defendant T. F. Langan paid one thousand dollars to said plaintiff on said three-thousand-dollar note, and defendants, T. F. Langan and Jane Langan, made and executed the note in suit for the balance of said three thousand dollars, promised to be paid for said real estate and personal property in said agreement of December 3, 1884; 7. That the only consideration moving from the plaintiff to the defendants, or either of them, for which said note was executed, was an unpaid balance of two thousand dollars of the purchase price of three thousand dollars, theretofore agreed to be paid by said defendant Thomas F. Langan to the plaintiff for his undivided one-fourth interest in the property of said firm of J. A. Langan and Brothers, which said defendant Thomas F. Langan theretofore had agreed to purchase of plaintiff for said price of three thousand dollars, and which plaintiff had theretofore agreed to sell to defendant Thomas F. Langan for said price of three thousand dollars, and had also agreed to execute and deliver to said defendant Thomas F. Langan deeds and bills of sale therefor; that the defendant Jane Langan received no part of the consideration for which said note was given, and had no interest therein, except as surety for Thomas F. Langan, one of the defendants; that she, Jane Langan, signed said note only as surety for the co-defendant, Thomas F. Langan, one of the joint makers thereof, and it was so understood between plaintiff and defendants at the time of the execution of said note; that the fact that the defendant Jane Langan received no consideration for the execution of said note, and had no interest in the purchase of the property, was well known to the plaintiff,

and plaintiff was aware that Jane Langan received no consideration for her signature to said note. At the time said note was executed, plaintiff had full knowledge that the defendant Jane Langan received no consideration for becoming a joint maker on said note; 11. That at the time of the purchase by defendant Thomas F. Langan of the interest of plaintiff in the property and business of said copartnership, on December 1, 1884, said copartnership owned two land-warrants, issued by the government of the United States of America, entitling the holder to locate upon and receive from said government 160 acres of United States government land for each of said land-warrants; that said land-warrants were, at the time of said sale, in the possession of plaintiff, he holding them for said copartnership; that said land-warrants were a part of the property of said copartnership, so sold by plaintiff to defendant Thomas F. Langan, and the purchase thereof was, and is, a part of the consideration for which the note mentioned in the complaint was given; that plaintiff then and there agreed with defendant Thomas F. Langan, as a part of the consideration for the giving of said note, that he, plaintiff, would locate said land-warrants on United States government lands subject to location thereunder, and that, immediately upon the location thereof as aforesaid, he, said plaintiff, would transfer all land so located to him, defendant Thomas F. Langan; that plaintiff, prior to the commencement of this action, located one of said land-warrants on the following lands in Merced County, state of California, to wit: Lots numbered 3, 4, and 5, of section 6, in township 13 south, range 10 east, Mount Diablo base and meridian, containing 115.40 acres of land, and located the other of said land-warrants on the following lands in said county and state, to wit: The northwest quarter of section 32, in township 12 south, range 10 east, Mount Diablo base and meridian, containing 160 acres of land; that said land was, and is, of the value of

$1,380; that though often requested by defendant Thomas F. Langan so to do, plaintiff refused, and still refuses, to transfer said lands so located under said land-warrants, or any thereof, to defendant Thomas F. Langan, to his damage in the sum of $1,380. Further facts are stated in the opinion of the court.

*F. H. Gould,* for Appellant.

Where the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms. Evidence contradicting its terms is therefore inadmissible. (Code Civ. Proc., sec. 1856; Civ. Code, sec. 1625; *Looney* v. *Rankin,* 15 Or. 617; *Randolph* v. *Helps,* 9 Col. 29, *Donohoe* v. *Mariposa Min. Co.,* 66 Cal. 317; *Swain* v. *Grangers' Union,* 69 Cal. 186; *Guy* v. *Bibend,* 41 Cal. 324; *Ward* v. *McNaughton,* 43 Cal. 159; *Kritzer* v. *Mills,* 9 Cal. 23; *Aud* v. *Magruder,* 10 Cal. 283.) The only failure of consideration that is pleaded and proven is plaintiff's failure to offer a deed to his interest in the Hezekiah Martin land. But this is only partial failure of consideration, and although a partial failure of consideration may be pleaded to an action on a promissory note, it is a defense *pro tanto* only. (*Braly* v. *Henry,* 71 Cal. 486; 60 Am. Rep. 543; 2 Greenl. Ev., sec. 136, and note; *Davis* v. *Wait,* 12 Or. 425; *Staab* v. *Ortiz,* 1 Pac. Rep. 857; Edwards on Notes and Bills, sec. 467; *Reese* v. *Gordan,* 19 Cal. 147; *Wright* v. *Carillo,* 22 Cal. 598; Byles on Bills, 132, 133, note; *Moggeridge* v. *Jones,* 14 East, 486; Daniel on Negotiable Instruments, sec. 203.) The consideration of promissory notes is presumed, and its absence must be proved by the party asserting it. (2 Am. & Eng. Ency. of Law, 372.)

*J. K. Law,* for Respondents.

Conceding that the plaintiff was not to give defendant Thomas F. Langan any deed or bill of sale of any of the

property mentioned in the agreement until the full and final payment of the note sued on, which plaintiff himself swears was given for the balance of the purchase price of this property, he could not recover judgment nor maintain this action on the note until he had tendered or offered to give the conveyances of the property provided for in this contract of sale. Then payment for and the giving of title to the property purchased would be concurrent conditions, which must be performed, or performance tendered, or the consideration fails. (*Fruit* v. *Phelps*, 4 Cal. 282; *Rourke* v. *McLaughlin*, 38 Cal. 196; *Billings* v. *Everett*, 52 Cal. 661.)

DE HAVEN, J. — Action for the balance alleged to be due upon a promissory note executed by defendants to plaintiff on April 25, 1885, for the sum of two thousand dollars.

The answer alleges that in December, 1884, the defendant Thomas F. Langan purchased from plaintiff an undivided one-fourth interest of all the copartnership property belonging to a firm of which plaintiff was a member, for the sum of three thousand dollars, and in payment thereof then executed to plaintiff his promissory note for said sum; that he afterwards paid one thousand dollars thereon, and then took up said note, and he and the other defendant, his wife, gave to plaintiff the note mentioned in the complaint for the balance due on account of said purchase; that is, as we construe the answer, for the balance due upon the promissory note executed in December, 1884. The answer then, in a separate defense, alleges that a part of the copartnership property purchased by defendant consisted of two land-warrants, and that said warrants were a part of the consideration for which the note referred to in the complaint was given; that plaintiff agreed to locate them upon lands, and convey said lands so located thereunder, to defendant T. F. Langan; that plaintiff has located the

same, and refuses to make a conveyance of the land so located to defendant, and by reason thereof, defendant has been damaged in amount equal to the value of said land. There was another partial defense interposed, but this was found against the defendants, and needs no consideration. The court below found the allegations of defendants' answer, in relation to the land-warrants, to be true, and judgment was rendered in favor of defendants for their costs. The plaintiff appeals from this judgment, and also from an order denying his motion for a new trial.

1. It is apparent from the answer of defendants, and the court so finds, as we read findings Nos. 4, 5, and 6, that the note mentioned in the complaint was given in consideration of the balance due upon the note for three thousand dollars, executed in December, 1884. It therefore became a material question upon the trial to determine what was the consideration for this original note.

Upon the trial, it appeared that this note of December, 1884, had a contract attached to it, written on the same sheet of paper, and was executed in duplicate, each of the parties retaining a copy. This note and agreement is in the following words:—

"MERCED Co., December 3, 1884.

"Sixty days after date, I promise to pay J. A. Langan the sum of three thousand ($3,000) dollars, gold coin of United States, for value received.

"THOS. F. LANGAN."

"It is further agreed that if at the end of sixty days T. F. Langan gives collateral security to J. A. Langan, and pays one per cent per month for the payment of two thousand dollars, by a mortgage upon the homestead of Honora Langan and Hezekiah M. Martin tracts of land, and otherwise secures the payment of the same, then J. A. Langan agrees to take said security, and grant further time, not to exceed two years from the date

hereof, upon two thousand dollars of said note, and thereupon J. A. Langan agrees to give a bill of sale to T. F. Langan for one thousand sheep, the property of J. A. Langan, which are now in the possession of T. F. Langan, and a deed to all his (J. A. Langan's) rights in the homestead of Honora Langan, and one fourth interest in the Hezekiah M. Martin tract of land, and the half-interest in two express-wagons, and all the improvements on said ranch, the title of said sheep and ranch to remain as they are at present until the performance of said agreement, to wit, the payment of the foregoing note according to the tenor thereof, or the security of the payment as herein provided by mortgage, etc.

"This agreement has nothing to do with any former agreements made by said parties, but such other agreements are to be settled according to the tenor of themselves; namely, the three hundred dollars for rent of sheep and the one thousand dollars balance due on sheep sold by J. A. Langan to T. F. Langan last year.

"J. A. LANGAN.

"THOS. F. LANGAN.

"Witness: W. J. STOCKTON."

This writing is to be construed as an agreement on the part of the plaintiff, J. A. Langan, to sell to the defendant T. F. Langan the property therein mentioned for the price and upon the terms therein stated; and this agreement to sell said mentioned property, and compliance with it, is to be deemed full consideration for the note therein set out, precisely as if the agreement had so recited in words, and therefore the court erred in admitting oral evidence to show that the land warrants, referred to in the evidence, were a part of the consideration of this note. This ruling of the court is not sustained by the rule which permits parol evidence of a consideration different from that named in the contract or deed, or the existence of a separate oral agreement constituting a condition precedent to the taking

effect of a written contract obligation. The effect of the
oral evidence here was to add to and vary the terms of
the written agreement by proving a contract to sell
other and different property from that described in the
agreement. The opinion of the court in *Hubbard* v.
*Marshall*, 50 Wis. 327, is in point here:—

"The rule which allows the maker of a promissory
note to show, in an action upon it, a failure or partial
failure of consideration is not sufficiently broad to cover
this case. Here we have written instruments which set
out particularly the consideration of the notes in suit; to
wit, the assignment of notes and mortgages, and of a
contract to convey lands and to sell timber upon other
lands. The right to prove a failure of consideration
would admit evidence of the failure of any consideration
expressed in the writings, as that the title to any of the
property thus sold or assigned had failed, but does not
go to the exent of allowing proof of an additional con-
sideration not expressed in the writings, and a failure
thereof. To hold otherwise would be to destroy the rule
which prohibits parol evidence to contradict or vary
written instruments. The instrument signed by plain-
tiff and accepted by the defendant, and the notes signed
by the latter and delivered to the former, constitute an
agreement in writing. The terms of the agreement are
clearly expressed, and the writings contain no clause
from which it may be inferred that the parties did not
intend to incorporate in them the contract just as it was
made, and the whole of it."

2. In the bill of exceptions the plaintiff specifies that
the decision of the court was against law, because certain
findings are contradictory, and this is one of the grounds
upon which a new trial was asked. The motion should
have been granted, for this reason. Findings 7 and
11, which are necessary to support the judgment in
favor of defendants, are in conflict with findings 4, 5,
and 6, as we construe them, those first named being

to the effect that the consideration of the note referred to in the complaint is as stated in the answer of defendants, while findings 4, 5, and 6 are, that its consideration is the balance due upon the note of December 3, 1884, and that the consideration of that note was the sale of the property described in the written agreement above set out. In this condition of the findings, it cannot be said that they determine the issues of fact arising in the case, and a judgment based upon such findings is a decision against law, for which a new trial may be had. (*Knight* v. *Roche,* 56 Cal. 15.)

3. The appeal from the judgment in this case was taken more than one year after the date of its entry. The parties entered into a stipulation, thus extending the time for appealing from the judgment, and the respondent has not asked that the appeal be dismissed. The court, however, is not bound by this stipulation.

The appeal from the judgment is dismissed. Order denying plaintiff's motion for a new trial reversed.

GAROUTTE, J., HARRISON, J., and BEATTY, C. J., concurred.

McFARLAND, J., dissenting.—I dissent. I see no contradiction in the findings, and no error committed in the trial of action. I think the order should be affirmed.

PATERSON, J., concurring.—I concur in the order dismissing the appeal from the judgment. I also concur in the order reversing the order denying the motion for a new trial, on the ground that the findings are uncertain and conflicting.

The contract attached to the note does not, in express terms, declare that the considerations therein named are all the considerations for the three-thousand-dollar note, and I think that, under the decision of this court in *Billings* v. *Everett,* 52 Cal. 661, the court did not err in its ruling. The matter referred to was expressly alleged as

a separate defense in the answer, no motion to strike out, or demurrer, was filed, and it was treated at the trial as properly in issue. The plaintiff was himself the first to introduce oral testimony on that issue.

Rehearing denied.