[Civ. No. 2024.    Third Appellate District.—October 10, 1919.]

## C. D. McCOMISH, Appellant, v. C. C. KAUFMAN, Respondent.

[1] LANDLORD AND TENANT—EXPIRATION OF TERM—RIGHT OF LAND-LORD TO FIXTURES NOT REMOVED—WAIVER.—The right of a land-lord to claim fixtures put in the leased building by the tenant but not removed during the term of the original lease may be waived and the tenant by contract granted the right to remove the fixtures during the term of the new lease.

[2] ID.—EXTENSION OF TIME FOR REMOVAL—EVIDENCE—FINDING.—In this action to recover possession of certain property alleged to have been wrongfully removed by the tenant after the expiration of the time within which such removal might legally have been effected, the testimony of the defendant covering his conversations and deal-ings with the plaintiff, though denied in part by the latter, was sufficient to support the finding of the trial court that plaintiff agreed that defendant should have thirty days in addition to the time given by his prior lease and notice within which he might remove the property, and that defendant did remove the property prior to the agreed date.

[3] ID.—ADMISSIBILITY OF PAROL EVIDENCE—WAIVER OF OBJECTION.—Where in such action the defendant was permitted, without ob-jection from the plaintiff, to offer parol evidence in support of his claim that the plaintiff by oral agreement extended the time within which the property might be removed from the leased premises, the written lease covering the further term having con-tained no such provision, the admissibility of such testimony can-not be questioned for the first time on appeal.

APPEAL from a judgment of the Superior court of Colusa County. Wm. M. Finch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ralph C. McComish and Alva A. King for Appellant.

Millington & Millington for Respondent.

ELLISON, P. J., *pro tem.*—Plaintiff brought this action to recover possession of 235 opera-chairs, a lot of scenery, stage

---

1. New lease as affecting right to remove fixtures, notes, 3 Ann. Cas. 331; 20 Ann. Cas. 769.

fixtures, and an electric sign. From a judgment in favor of defendant the plaintiff appeals.

On the twelfth day of March, 1912, the plaintiff gave to the defendant a lease of a room in a building in the town of Colusa, known as the "Herald Building," to be used for the purpose of moving-picture entertainments. At the time the lease was executed, the defendant was in possession of the premises and had been for some time under prior contract with plaintiff. The lease was for a term ending December 31, 1913, with the option to the defendant of a two years' extension. The rental was thirty-five dollars per month. At the date of the lease there was certain personal property in the room consisting of chairs, scenery, and other articles used in the moving-picture business, which concededly belonged to the defendant. The lease stated that this furniture and fixtures were pledged to the plaintiff for the faithful performance of the conditions of the lease. Defendant exercised his option and held under this lease until December 31st, 1915. Thereafter he held the premises and conducted the moving-picture business in said room as a tenant at will or from month to month without any written lease until August 5, 1918, at which time plaintiff served upon him a written notice to vacate within thirty days.

Upon receiving said notice, defendant had an interview with plaintiff and informed him that thirty days was too short a time within which to move his fixtures and furniture and asked for a new lease for a longer term than thirty days, and stipulated that if such additional time were given, he would pay an increased rental, and remove all his property, including the property here involved, before the expiration of such new lease. As a result of this interview the plaintiff gave to the defendant a new lease of the premises. This lease was dated August 12, 1918. The property leased was described as "that room known as the 'Gem Theater' located in the Herald Building, in the town of Colusa." The term was for one month beginning the first day of September, 1918, and ending the thirtieth day of September, 1918. The rental for the month was sixty dollars. No mention was made in the lease of the fixtures or furniture. Within the life of the new lease the defendant removed from the building all the property, the subject of this litigation.

The appellant's position may be fairly stated as follows: When the lease of August 12, 1918, was executed, the fixtures, which had been put in the building during the existence of a prior lease and not removed before its expiration, had become the property of the plaintiff, and the new lease, not providing for their removal by the tenant, he had no right to take them from the building. In support of his position, he quotes from *Wadman* v. *Burke*, 147 Cal. 354, [3 Ann. Cas. 330, 1 L. R. A. (N. S.) 1192, 81 Pac. 1013], as follows: "And it follows that whatever was a part of the freehold when the lessee accepted and began his occupation under the new lease must be delivered up at the end of the term, and cannot be severed on the ground that it was put in as a trade fixture under a previous lease which has expired. The failure of the lessee to exercise his right to remove during the former term, or to reserve it in his new contract, precludes him from denying the title of his landlord to the estate, and the fixtures annexed, which have become part of it."

The decisions present some apparent conflict upon the matter set forth above.

Thus, it was held in *Woods* v. *Bank of Hayward*, 10 Cal. App. 93, [106 Pac. 730], that a holding over from month to month after the expiration of a written lease amounted to a continuance of the original holding and that the tenant's right of removal was not lost. A petition for hearing by the supreme court was denied.

[1] Conceding, for the purposes of the argument only, that the law is as claimed by appellant, still after the original term has expired, the plaintiff could waive the right claimed and could by contract grant to his tenant the right to remove the fixtures during the new term which expired September 30, 1918, and if he did so, the removal by defendant would be a legal act.

"Anyone may waive the advantage of a law intended solely for his benefit." (Civ. Code, sec. 3513.)

[2] In finding IX is this language: "Plaintiff did make, execute, and deliver to defendant his certain agreement in writing whereby he did let and lease to the defendant that room known as the 'Gem Theater' located in the Herald Building upon the thirty-first day of September, 1918 (?) (twelfth day of August [?]) at an increased rental and plaintiff then and there expressly agreed that defendant

should have thirty days in addition to the time given by said prior lease and notice during which defendant could and should remove all property from the room occupied by the defendant and known as the 'Gem Theater' and said defendant so agreed to remove said property before September 31, 1918, and said defendant so agreed and did pay said increased rental and prior to September 31, 1918, did remove said property.''

This finding, in connection with the others, is sufficient to support the judgment, and if it is to stand, the judgment must be affirmed. Counsel for appellant attacks it upon the ground that it is not supported by the evidence. The evidence in the record amply sustains the finding.

The defendant testified: ''I told Mr. McComish when he handed me this notice, 'Isn't that rather short time for me to move out? Isn't that rather short notice for me to get the things moved out? This is a mighty short time to move all of this furniture and fixtures and get everything out immediately. It would be impossible to do it in thirty days;' and he said: 'Well, I will see about it,' and a few days afterward he came and said: 'I am willing to sign up an agreement that you have another month.' Q. For what purpose? A. I should have another month to get out my stock. Q. And did you sign such an agreement? A. Yes, and he charged me ten dollars a month more for the privilege of giving me thirty days of getting my stuff out.''

It is true the plaintiff denied this conversation, in part, at least. His testimony, at most, only raises a conflict, but does not alter the fact that the record contains sufficient evidence, if accepted by the court, to sustain the finding. The court accepted it and its action is binding on this court.

[3] Counsel raises the point that the evidence of plaintiff above quoted is inadmissible, because it was parol evidence introduced for the purpose and had the effect of adding to the terms of a written contract. This evidence was admitted without objection and its admissibility cannot be questioned for the first time in this court.

''Parties who permit a fact to be proved by incompetent evidence, without objection, waive all question of inadmissibility. This is true even of the statute of frauds and as to witnesses 'incompetent to testify.' '' (*Walberg* v. *Underwood*, 39 Cal. App. 748, [180 Pac. 55].)

"Conceding now that the contract declared on was void, by reason of the statute of frauds, because it was verbal, still, as no objection was made by plaintiff to the evidence when offered, it must be held that the right to invoke the statute of frauds was waived by the appellant, and it cannot now be invoked in this court as a reason why the judgment should be reversed or a new trial granted. The defense of the statute of frauds can be waived, and that it was waived by the plaintiff in failing to object at the time to the parol evidence when offered, we think there can be no doubt." (*Nunez* v. *Morgan*, 77 Cal. 427, at p. 433 [19 Pac. 755].)

The finding of the court that the plaintiff for an increased rental agreed that plaintiff might have until September 30, 1918, to remove the property in dispute, being supported by the evidence, is decisive of the case, and renders a discussion of other points unnecessary.

The judgment is affirmed.

Burnett, J., concurred.

HART, J., Concurring.—I concur in the judgment and also in the proposition, stated by the acting presiding justice, that the point made by appellant that the parol testimony disclosing the purpose for which the new or additional lease was given to the defendant is incompetent and, therefore, was inadmissible, is not reviewable because it was not objected to and hence the objection must be deemed to have been waived. But I do not think that that testimony was incompetent. The terms of the additional lease were these, to wit: That the defendant might use and occupy the room known as the "Gem Theater" situated in the Herald Building, in the town of Colusa, for the term of one month, beginning on the first day of September, 1918, and ending September 30, 1918, for the sum or rental of sixty dollars for said month. These terms could not, of course, be changed by parol. The defendant could not have proved by parol, except under a plea of fraud of mistake, that the lease was for a longer term than one month or that the rental was less than that specified in the writing. But the testimony referred to was not offered for that purpose. It was not offered to vary the contract as it was written in any respect or to substitute new terms for those expressed in the

writing. Its sole purpose was to show the reason why the lessee asked for and secured an extension of the lease for one month. The obvious purpose of the testimony was to show that the plaintiff recognized the defendant's ownership of the furniture and fixtures and his right to remove them upon the expiration of the term, and that his failure to remove the property within the original term or at the expiration thereof was because he did not have sufficient time within which to do so. I do not understand the main opinion to hold that the testimony was inadmissible, but the conclusion therein upon the question of its admissibility is upon the assumption that it was improper testimony, hence these views by me, and with these views I perceive no conflict in anything said in the case of *Harrison* v. *McCormick*, 89 Cal. 327, 329, [23 Am. St. Rep. 469, 26 Pac. 830], cited by appellant. In that case it was held that "where a contract for the sale of merchandise is in writing, and nothing in the written contract indicates that a sample was used or referred to, parol evidence is inadmissible to show a sale by sample." The rule so stated is unquestionably correct, but it does not fit this case as to the point here considered.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 9, 1919.

All the Justices concurred, except Melvin, J., who was absent.