[Civ. No. 4750.   Second Appellate District, Division One.—June 9, 1927.]

## INNER SHOE TIRE COMPANY (a Corporation), Appellant, v. W. A. TONDRO, Respondent.

[1] CONTRACTS—MODIFICATION OF TERMS—EVIDENCE.—The terms of a written contract cannot be modified or added to by evidence extrinsic of the writing.

[2] EVIDENCE — PROOF OF FACT BY INCOMPETENT EVIDENCE — FAILURE TO OBJECT—WAIVER.—A party who permits a fact to be proved by incompetent evidence, without objection, waives all question of admissibility.

[3] SALES—VARIATION OF WRITTEN CONTRACT—EVIDENCE—FAILURE TO OBJECT—WAIVER—APPEAL.—In an action for goods sold, where plaintiff, without objection, permitted parol evidence to be admitted tending to vary the written contract, he waived objection to its admissibility, and the question cannot be raised for the first time on appeal.

[4] ID. — DESCRIPTION OF GOODS — INDUCEMENT TO MAKE CONTRACT — EVIDENCE.—In such action, where the written order for the goods

---

1. Parol evidence to vary or add to a writing, notes, 56 **Am. St. Rep.** 659; 17 L. R. A. 270. See, also, 10 Cal. Jur. 916; 10 R. C. L. 1016.

2. See 2 Cal. Jur. 267; 2 R. C. L. 76.

4. Parol evidence to modify or explain bill of sale, note, 19 Ann. Cas. 541. See, also, 10 R. C. L. 1027.

did not contain a detailed description of the goods, it was proper to show that defendant was induced to enter into the agreement by the representations contained in placards and literature shown by plaintiff through its agent.

[5] ID. — BREACH OF WARRANTY — RETURN OF GOODS — REMEDIES. — Whether a privilege granted by a contract of sale of returning the goods on a breach of warranty bars the purchaser from other relief for the breach depends entirely on the terms of the contract, which may make the privilege exclusive and in lieu of all other remedies, or granted as additional to the other remedies to which the purchaser is entitled by law.

[6] ID.—RIGHT TO RETURN GOODS—ALTERNATIVE REMEDY—INTENTION. The privilege given the purchaser of returning the goods on breach of warranty will be construed as an alternative remedy, unless a contrary intention clearly appears from the contract, since a purchaser otherwise would be deprived of undisputed legal rights.

[7] ID.—ELECTION OF REMEDIES—DAMAGES.—Where the right to return goods on breach of warranty is not in terms, or necessarily by construction, exclusive, the purchaser can elect between that relief and a claim for damages, the right of returning the goods being merely a cumulative remedy.

[8] ID.—GUARANTY—RETURN OF GOODS—BREACH OF WARRANTY—REMEDIES.—In an action for goods sold, consisting of what was designated as "Innershus" for automobile tires, where, under a guaranty, it was provided that if an "Innershu" should fail to give results represented, the seller agreed to furnish a new one free of charge on receipt of the old one with the certificate of guaranty, the purchaser was not obligated to return the goods and was not confined exclusively to such remedy in case of breach of warranty.

[9] ID. — CONTRACTS — CERTIFICATE OF GUARANTY — CONSTRUCTION. — Where there is doubt whether a certificate of guaranty should be

6. Exclusiveness of remedy for breach of warranty given in contract of sale of chattels, note, 50 L. R. A. (N. S.) 778. See, also, 24 R. C. L. 250. Effect of provision in contract of sale for retention of goods upon buyer's right to recover for breach of warranty, express or implied, note, 12 L. R. A. (N. S.) 540. See, also, 24 R. C. L. 250.

7. Privilege of returning goods purchased as bar to action for breach of warranty, note, Ann. Cas. 1915D, 1159. See, also, 24 R. C. L. 251.

8. Remedies of vendee for breach of warranty of quality, note, 54 Am. Dec. 146. See, also, 22 Cal. Jur. 1006.

9. Construction of guaranty against guarantor, note, 105 Am. St. Rep. 521. See, also, 13 Cal. Jur. 103, 104; 12 R. C. L. 1074.

construed as confining the purchaser exclusively to the remedy of returning goods on breach of warranty provided for in a guaranty certificate, the contract will be construed most strongly against the person furnishing the certificate of guaranty.

[10] ID.—"INNERSHUS" FOR AUTOMOBILE TIRES—WARRANTY.—In this action for goods sold by a manufacturer to a dealer, consisting of what was known as "Innershus" for automobile tires, which were expressly warranted to be perfect in material and workmanship and guaranteed absolutely "blow-out proof," there was an implied warranty by the manufacturer that the goods were free from any latent defect not disclosed to the buyer arising from the process of manufacture and that the merchandise was sound and merchantable, under sections 1769 and 1771 of the Civil Code, as well as an express warranty which was not inconsistent with the implied warranty.

---

(1) 22 C. J., p. 1098, n. 96.    (2) 38 Cyc., p. 1393, n. 41, p. 1396, n. 57.    (3) 3 C. J., p. 812, n. 96.    (4) 22 C. J., p. 1264, n. 21. (5) 35 Cyc., p. 438, n. 68.    (10) 35 Cyc., p. 392, n. 76, p. 397, n. 21, p. 401, n. 43.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jas. W. Glassford for Appellant.

Dorsey Whitelaw for Respondent.

McLUCAS, J., *pro tem.*—Plaintiff brought suit for the value of goods, wares, and merchandise sold to the defendant, and appeals from a judgment rendered for the defendant.

There is substantially no difference in the contentions of the parties as to the actual facts in the case. Without objection on the part of plaintiff, defendant offered evidence tending to prove an oral contract of warranty. This testimony was uncontradicted by plaintiff. It appears from the evidence that on the sixth day of February, 1922,

---

10. Implied warranty arising from sale of chattels, notes, 2 Am. Dec. 220; 6 Am. Dec. 113. See, also, 24 R. C. L. 180. Warranty of soundness, when implied, note, 43 Am. Dec. 680. See, also, 24 R. C. L. 181.

a salesman for the Inner Shoe Tire Company called upon the defendant. They discussed certain tire reinforcements, which were denominated "Red Innershus." The quality and salability of these Innershus were discussed between them and, among other things, the fact that respondent was engaged in the business of retailing automobile supplies, accessories, and equipment, and had acquired therein a goodwill and a reputation among the purchasers of such articles for furnishing his customers with reliable and trustworthy goods, and that respondent desired to purchase only what is known in trade parlance as "quality goods," to be offered and sold to his customers, and in this connection a general advertising scheme was to be undertaken whereby these goods were to be offered to such customers and prospective purchasers under certain representations to be made by means of large placards, circulars, and otherwise, including among others the representations that when said Innershus were cemented into new casings they would prevent punctures and all blow-outs, and would last until the casings should be entirely worn out, even though such casings should travel a distance of twenty-one thousand miles; that said Red Innershu would never fail in a new tire, and would give added strength to worn tires; that Red Innershu was blow-out proof. It was further represented by said salesman to respondent that the foregoing representations could be made to respondent's customers truthfully and without harm to respondent's said reputation, and that said Innershus would be accompanied by certificates of guaranty. These certificates of guaranty contained the following language:

"Certificate of Guaranty.

"This is to certify this (that) this Red 'Innershu' is warranted to be perfect in material and workmanship, is *guaranteed* absolutely *Blow-Out Proof*. Will prevent 90 per cent of all punctures and will Double Tire Mileage when installed in new Tires according to our Printed Directions on the back hereof.

"Should this Red 'Innershu' fail to give you these results we hereby agree to furnish you with a new one Free of Charge upon receipt of the old 'Innershu' prepaid to us with this Certificate of *Guarantee*."

Respondent gave his order for eight dozen of said Red Innershus, aggregating the total price of $511.20. The order slip signed by the respondent contained a printed statement as follows: "No agreements or conditions, verbal or otherwise, other than herewith mentioned, will be recognized." The order slip did not contain any memorandum, nor mention of any representation or guaranty. Thereafter the goods were received by respondent, but sales of some of the Innershus, together with further examination, proved them to be defective, blow-outs occurring immediately upon their being used. Respondent attempted to dispose of the Innershus upon the market, but failed, and respondent returned the whole consignment, with the exception of those which had been sold by him and not replaced. Appellant refused to accept the returned Innershus, and brought action for the full purchase price, except the price of one of the returned Innershus for which respondent was given credit.

[1] Appellant contends that the written contract of guaranty contained in the certificate, as hereinbefore quoted, was the sole and exclusive remedy of the purchaser, and that all evidence which contradicts it or shows a different or other guaranty is not admissible. Accordingly, appellant insists that respondent's only remedy was to return any defective Innershus, with the demand that appellant furnish new ones therefor. It is elementary that the terms of a written contract cannot be modified or added to by evidence extrinsic of the writing. If this rule were held applicable to the instant case, not even the certificate upon which plaintiff relies would be admissible in evidence for the reason that the certificate is no part of the written order or contract signed by the respondent. [2] A party who permits a fact to be proved by incompetent evidence, without objection, waives all question of admissibility. (2 Cal. Jur., p. 267, sec. 84.) [3] In the application of the rule requiring one to object to the introduction of evidence, it has been held that a failure to object that parol evidence to vary the terms of a written instrument was admitted waives the objection, and the question cannot be raised for the first time on appeal. (*Tebbs* v. *Weatherwax*, 23 Cal. 58.) In *McComish* v. *Kaufman*, 43 Cal. App. 507, 510 [185 Pac. 476], it is said: " 'Parties who permit a fact to be proved by incompetent evidence, without objection, waive all question

of admissibility. This is true even of the statute of frauds and as to witnesses "incompetent to testify." ' (*Walberg* v. *Underwood*, 39 Cal. App. 748 [180 Pac. 55].)'' So in the present case plaintiff waived his objection to the admissibility of parol evidence tending to vary a written instrument and will not be permitted to raise the question for the first time on appeal. [4] Where the written order does not contain a detailed description of the goods bargained for in the first instance, it is proper to show that the defendant was induced to enter into the agreement by the representations contained in placards and literature shown by plaintiff through its agent. (*Ventura Mfg. etc. Co.* v. *Warfield*, 37 Cal. App. 147, 163 [174 Pac. 382]; *Luitweiler* v. *Ukiah etc. Co.*, 16 Cal. App. 198, 210 [116 Pac. 707, 712].) The case of *Inner Shoe Co.* v. *Treadway*, 286 Fed. 838, *Inner Shoe Co.* v. *Williamson* (Tex. Civ. App.), 240 S. W. 330, and *Scott* v. *Vulcan Iron Works*, 31 Okl. 334 [122 Pac. 186], are to be distinguished from the instant case in this respect: In each of those cases objection was made to the introduction of parol evidence to vary the terms of a written instrument, and it was held that such testimony was inadmissible and that the buyer was bound by the remedy provided in the written order. This remedy was held exclusive. Here no objection was made to the introduction of such parol evidence. Other cases cited by appellant are to the effect that the remedy provided in the written contract is exclusive of any other remedy. [5] Whether a privilege granted by a contract of sale of returning the goods on a breach of warranty bars the purchaser from other relief for the breach, depends entirely on the terms of the contract, which may make the privilege exclusive and in lieu of all other remedies, or granted as additional to the other remedies to which the purchaser is entitled by law. [6] Since a different construction would deprive the purchaser of undisputed legal rights, the courts will hold the privilege given him of returning the goods to be an alternative remedy, unless a contrary intention clearly appears from the contract. In *Nave* v. *Powell*, 52 Ind. App. 496 [96 N. E. 395], it is said: "Contracts, therefore, which contain a provision for the return of the property and a rescission of the contract, or for the substitution of other property for that which fails to comply with the warranty,

are not treated as exclusive in the remedy provided, unless such intention is clearly expressed by the language and terms of the warranty.'' [7] Where the right to return is not in terms, or necessarily by construction, exclusive, the purchaser can elect between that relief and a claim for damages, the right of returning the goods being merely a cumulative remedy. (Note, Ann. Cas. 1915D, p. 1160, and cases cited.) [8] In the case at bar the guaranty contained in the certificate is absolute and complete in itself, closing with a full stop. The provision for the return of the goods is contained in a separate paragraph and does not in terms make it obligatory upon the purchaser to return the goods. It only says that should the Innershu fail to give the results stated in the previous paragraph, the seller agrees to furnish a new Innershu free of charge upon receipt of the old, prepaid, with the certificate of guaranty. It is only by construction that any obligation can be put upon the purchaser to return the goods. It would have been easy, by the change of a few words, to have placed the obligation upon the purchaser in express terms, as is now sought to be put upon him by construction. [9] Under these circumstances it would seem proper to apply the rule that is sometimes applied, that when there is doubt about the proper construction, to construe the contract most strongly against the person furnishing the printed blank containing the provision in question. (*Eyers* v. *Haddem*, 70 Fed. 648.) Considering all the facts in this case, we do not think the remedy provided in the certificate of guaranty is exclusive.

[10] Under the circumstances in the case at bar, there was an implied warranty by the manufacturer that the goods were free from any latent defect not disclosed to the buyer arising from the process of manufacture and that the merchandise was sound and merchantable, as well as an expressed warranty. The expressed warranty here is not inconsistent with the warranty implied in sections 1769 and 1771 of the Civil Code. In *North Alaska etc. Co.* v. *Hobbs, Wall & Co.*, 159 Cal. 380 [35 L. R. A. (N. S.) 501, 113 Pac. 870, 120 Pac. 27], it was held that an implied and an expressed warranty could both exist, where the warranty so implied is not only not inconsistent with the expressed warranty, but is entirely in harmony therewith.

For the reasons stated, it is ordered that the judgment be affirmed.

Houser, Acting P. J., and York, J., concurred.