[Civ. No. 7706. First Appellate District, Division Two.—December 18, 1930.]

W. FOLSOM BONNER et al., Respondents, v. EASTER MAY FINNEY, Appellant.

Carroll Allen for Appellant.

Roane Thorpe for Respondents.

SPENCE, J.—This action was brought by plaintiffs to recover from defendant the sum of $6,500 as the balance due on the purchase price of certain real property. From a judgment in favor of plaintiffs, defendant appeals.

The original agreement between the parties was evidenced by an instrument in the nature of escrow instructions dated April 9, 1927, and designated "Buyer and Seller Instructions". This instrument was signed by the parties and deposited with the Title Guarantee and Trust Company. It provided for the payment of $10,500 by the defendant and for the deposit in escrow of a deed executed by plaintiffs to be delivered to defendant upon payment of $10,500. It further provided for the payment to plaintiffs of $4,000 of the purchase price as soon as the title company could show title free and clear. No mention was made of any lease in the original instructions. Upon the trial it appeared that plaintiffs had deposited the deed with the escrow-holder and had received $4,000. Upon stipulation by the defendant "that the plaintiffs performed each and every act necessary and requisite to be done by them, except that they did not secure the signature of Mr. Brown to the lease as provided by the escrow instructions" and the further stipulation that the defendant had not paid the $6,500, plaintiffs rested.

Under the allegations of the answer and cross-complaint defendant offered to show that the original agreement had been modified by supplemental instructions, which evidence was admitted. It appeared that on the day the original instructions were deposited supplemental instructions bearing the same date were signed and deposited with the escrow-holder which read in part as follows:

"Mutually supplementing our instructions of this date, the payment of the $4,000.00 by the grantee to the grantor of this escrow is contingent upon the grantor (Bonner) placing in escrow for grantee a lease dated April 9th, 1927, by and between Robert A. Brown Jr. and Chris E. Schirm, lessees; W. Folsom Bonner lessor, the signatures of the lessor and the lessee constitute their approval of said lease when signed by them, and your company is relieved from certifying to the regularity, validity or sufficiency of same being responsible for delivery only to Easter May Finney of this lease at the close of escrow. In the event that this lease is not signed by W. Folsom Bonner and placed in this escrow your company will not pay out $4,000.00 previously mentioned.

> "(Signed)  W. FOLSOM BONNER
> "By J. G. SPANGLER
> "(Signed)  W. FOLSOM BONNER
> "(Signed)  ROBERT A. BROWN, Jr.
> "(Signed)  CHRIS. E. SCHIRM

"The above is hereby approved, and I have initialed said lease, which constitutes my approval and acceptance of said lease.

> "(Signed)  EASTER MAY FINNEY."

The lease above referred to was placed in escrow and was signed by plaintiffs and by Robert A. Brown, Jr., and Chris E. Schirm, the lessee named. This lease was an "oil and gas lease" which was quite lengthy, but omitted any proper description of the property. On April 12, 1927, further supplemental instructions were signed and deposited with the escrow-holder, which instructions read in part as follows:

"Mutually amending our instructions of April 9th, 1927, you will cancel and deface that certain lease dated April 9th, 1927, which does not disclose legal description and in lieu thereof Lessor W. Folsom Bonner and wife and Easter May Finney hand you a lease in favor of Robert A. Brown, Jr., and Chris E. Schirm, dated April 9th, 1927, which you will deliver to Easter May Finney, at close of escrow, said lease is approved by us as evidenced by our signatures on same and your company is relieved from certifying to any acts contained in this lease or to its regularity, validity

or sufficiency, being responsible for delivery only. Said Lease is to be signed by Robert A. Brown, Jr., and Martha J. Bonner. Grantee (Easter May Finney) hands you Cashier's Check No. 540098 on the Bank of Italy, Long Beach Branch, in favor of Mrs. E. M. Finney and endorsed by her to your Company, and your Company is instructed to pay my Grantor the sum of $4,000.00 immediately in compliance with my original instructions as I have this day seen your search of title covering property in this escrow, showing vested in my Grantor who has placed in escrow a deed in my favor which I approve. I fully understand that this escrow has not been completed and your Company is relieved from any liability or responsibility on account· of my paying this money to my Grantor prior to the completion of this escrow.

"(Signed) Easter May Finney
"(Signed) W. Folsom Bonner."

This second lease was delivered to the escrow-holder and signed by the plaintiffs. It was also signed by the lessee Schirm, but was never signed by the lessee Robert A. Brown, Jr.

On the trial the main issue to which testimony was directed was whether the signature of the lessee Brown was to be obtained by defendant or plaintiffs and a great amount of conflicting testimony was offered by both sides on this issue without objection. Upon this conflicting testimony the court found that the plaintiffs had not agreed to obtain the signatures of the lessees but that defendant had agreed to obtain said signatures. There was ample evidence to sustain these findings. The testimony offered by plaintiffs showed that they agreed to sign the lease at the request of defendant and solely for defendant's accommodation and convenience; that the lessees were unknown to plaintiffs and that it was not until after the original instructions had been signed that defendant approached them concerning the signing of the lease; that defendant asked plaintiffs to sign the lease, stating that she desired the driller to get to work prior to the termination of the escrow; that plaintiffs did not agree to obtain the signatures of the lessees, but, on the contrary defendant stated that she would obtain these signatures.

Upon his appeal appellant contends that oral evidence was not admissible to explain or construe the escrow

instructions as those instructions were not ambiguous. This objection may not be raised for the first time upon appeal and the objection is waived where the appellant fails to object to the testimony in the trial court. (*Inner Shoe Tire Co.* v. *Tondro,* 83 Cal. App. 689 [257 Pac. 211]; 2 Cal. Jur. 267, sec. 84.) █ But aside from the waiver of the objection, we are satisfied that the escrow instructions were uncertain and ambiguous. The instructions were informal and contained no definite terms imposing the obligation to obtain the lessees' signatures upon either plaintiffs or defendant. Appellant states that by the terms of the instructions there was no obligation on the part of the appellant to obtain the signature of the lessee Brown. It is likewise true that the terms of the instructions did not impose that obligation upon the plaintiffs. This issue could only be determined by resort to parol evidence and the court properly admitted such evidence and made its findings thereon.

█ Appellant further contends that the respondents were not entitled to judgment for the contract price. Appellant argues that the respondents' remedy, if any, was in damages under section 3307 of the Civil Code, and that the judgment for the full contract price is a judgment for specific performance and is unauthorized by the pleadings, there being no allegation or proof that the consideration was fair and adequate. If this were an open question in this state there might be merit in the position taken by the appellant, but it has long been settled that a vendor may bring an action at law for the purchase price in which action it is unnecessary to allege or prove that the consideration was fair and adequate. (*Amaranth Land Co.* v. *Corey,* 182 Cal. 66; *North Stockton etc. Co.* v. *Fisher,* 138 Cal. 100 [70 Pac. 1082, 71 Pac. 438]; *Weisenberg* v. *Hirschhorn,* 97 Cal. App. 532 [275 Pac. 997]; *Burg Bros.* v. *Bercut,* 73 Cal. App. 114 [238 Pac. 166]; *Paramore* v. *Colby,* 45 Cal. App. 559 [188 Pac. 72].)

█ Appellant further contends that there was no delivery of the deed and consequently the purchase price did not become payable. In support of this contention appellant cites authorities to the effect that title does not pass when a deed is placed in escrow. These authorities are not in point. Under the cases above cited delivery of the

deed was not essential. The placing of the deed in escrow constituted a continuing tender of performance on the part of plaintiffs and was sufficient.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.