[Civ. No. 10544.   First Appellate District, Division Two.—November 29, 1937.]

HANRAHAN–WILCOX CORPORATION (a Corporation), Appellant, v. JENISON MACHINERY COMPANY (a Corporation), Respondent.

Stanley Pedder and Kenneth Ferguson for Appellant.

Maurice R. Carey, John A. Gorfinkel and Lloyd Hummel for Respondent.

GRAY, J., *pro tem.*—Before the commencement of this action the parties had executed a written agreement by the terms of which plaintiff rented from defendant a road grader for a minimum period of 6½ months at a monthly rental of $275. Defendant had delivered the road grader to plaintiff and the latter, dissatisfied with its performance after a 90-day trial, had returned it to defendant. Defendant had demanded and plaintiff had refused payment of the rent. Thereupon, plaintiff filed a complaint, alleging as succinctly stated that, contemporaneously with its execution, the parties had orally agreed that the written agreement was not to be effective unless and until plaintiff was satisfied, after trial, with the performance of the road grader and seeking a declaration that the written agreement, being subject to such contingency, never became effective because of its nonfulfillment.

At the trial the president and vice-president of plaintiff each testified that at the execution of the written agreement defendant's president had represented to them that the road

grader could perform the work, which they had described and had agreed that if the road grader did not perform such work satisfactorily, plaintiff was not to be obligated under the written agreement. Defendant objected that such testimony was inadmissibe because it varied the terms of the written agreement. The court reserved its ruling on the objection and admitted the testimony subject to a motion to strike. Upon the close of plaintiff's case, defendant moved to strike out this testimony and also for a nonsuit upon the grounds of the previous objection. The court neglected to rule upon the motion to strike but granted the nonsuit. Judgment was rendered in favor of defendant for rent in a stipulated amount. Plaintiff appeals, claiming that the nonsuit was erroneously granted and that the judgment improperly omitted conditions of the stipulation.

■ In support of the order of nonsuit, defendant argues that, in passing upon its motion, the court properly ignored this testimony, as violative of the parol evidence rule, and that therefore, there was no evidence to prove plaintiff's cause of action. Plaintiff, first, replies that the nonsuit cannot be so defended as this reason was neither urged by defendant in its motion nor stated by the court in its oral ruling. The factual basis of the reply does not coincide with the record, but, even if it did, its legal premise is wrong. The correct rule is that a nonsuit will be sustained, if it can be justified on any ground, whether or not such ground is stated in the motion or ruling. (*Anchester* v. *Keck,* 214 Cal. 207 [4 Pac. (2d) 934].)

■ Next plaintiff contends that it was entitled to the benefit of such testimony, though erroneously admitted, as it was not stricken from the record. The failure of the court to pass upon defendant's motion to strike it out, left such testimony in the record for the court's consideration. (*Leitch* v. *Marx,* 21 Cal. App. 208 [131 Pac. 328].) ■ In the determination of a motion for a nonsuit, evidence which is relevant though inadmissible under some rule of evidence but which has been admitted with or without objection, must be given its full probative effect. (*Archibald Estate* v. *Matteson,* 5 Cal. App. 441 [90 Pac. 723].) ■ The decisions differ as to whether the parol evidence rule is a rule of evidence or of substantive law and, for that reason, disagree as to the legal effect of evidence admitted in violation thereof.

Some cases, treating the rule as one of evidence, hold that an objection to the admissibility of evidence, which varies or add to the terms of a written agreement is waived if not urged in the trial court, and that such evidence, when admitted, is legally sufficient to support a finding of fact. (*Tebbs* v. *Weatherwax,* 23 Cal. 58; *McComish* v. *Kaufman,* 43 Cal. App. 507 [185 Pac. 476]; *Inner Shoe Tire Co.* v. *Tondro,* 83 Cal. App. 689 [257 Pac. 211]; *Bonner* v. *Finney,* 110 Cal. App. 518 [294 Pac. 466].) Other cases, considering the rule to be one of substantive law, decide that such evidence, though admitted without objection, must be ignored as of no legal import. (*Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808]; *Dollar* v. *International Banking Corp.,* 13 Cal. App. 331 [109 Pac. 499]; *Rottman* v. *Hevener,* 54 Cal. App. 474 [202 Pac. 329]; *Middlecamp* v. *Zumwalt,* 100 Cal. App. 715 [280 Pac. 1003]; *Fogler* v. *Purkiser,* 127 Cal. App. 554 [16 Pac. (2d) 305].) The reasoning which leads to the conclusion of the latter decisions is well stated in *Dollar* v. *International Banking Corp., supra,* at page 343: "By way of illustration of the distinction between the rule declared by this court and that cited by appellant, it may be said, that parol or secondary evidence, unobjected to, might supply the terms, or purport, of a contract which had been reduced to writing, and, in this form, furnish sufficient proof to sustain a finding, but parol evidence would neither be admissible to vary this contract, nor, if admitted without objection, be sufficient to support a finding which was in conflict with or which in any manner varied the original written contract which the parties entered into. The purpose of the rule relating to the varying of a writing by parol evidence is to prohibit this from being done, while the rule relating to the admission of secondary evidence goes only to the form in which the evidence may be introduced." Since, on reason, the latter cases enunciate the true rule, plaintiff may not rely upon the testimony to defeat the nonsuit, if such testimony violates the parol evidence rule.

Lastly, plaintiff claims that the testimony does not come within the prohibition of the parol evidence rule because it does not change the terms of the written agreement but proves a condition precedent to its effectiveness. Testimony of the circumstances surrounding the execution and delivery of a written agreement ordinarily do not vary its terms and is

therefore not within the parol evidence rule. (*Verzan* v. *McGregor*, 23 Cal. 339; *P. A. Smith Co.* v. *Muller*, 201 Cal. 219 [256 Pac. 411]; *Gleeson* v. *Dunn*, 113 Cal. App. 347 [298 Pac. 119]; *Cooper* v. *Cooper*, 3 Cal. App. (2d) 154 [39 Pac. (2d) 820].) However, if such testimony conflicts with the terms of the written agreement it falls under the ban of the rule. (*Torrey* v. *Shea*, 29 Cal. App. 313 [155 Pac. 820]; *Langan* v. *Langan*, 89 Cal. 186 [26 Pac. 764]; *Wolters* v. *King*, 119 Cal. 172 [51 Pac. 35].) These principles are well expressed in section 241 of Restatement of the Law of Contracts, as follows: "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith." The oral agreement, by delaying the effective date of the written agreement, is inconsistent with the latter's provisions specifying that the rent began on the day of shipment of the grader to plaintiff, that the first installment of rent was payable thirty days thereafter and that freight, prepaid by defendant, was repayable proportionately out of each installment of rent. The oral agreement, also, by adding a condition contradicts the provision of the written agreement that it constituted the entire contract and that any change or modification must be in writing and signed by both parties. Therefore the testimony came within the interdiction of the parol evidence rule and was properly disregarded by the trial court.

Defendant had cross-complained for the sums due under the terms of the written agreement. After the nonsuit was granted the parties stipulated as to the amount of such sums and thereupon judgment was entered accordingly. Plaintiff now objects that the judgment did not conform to the terms of the stipulation since it was absolute in form and omitted the condition contained in the stipulation that the award should not become binding until the order of nonsuit should become final. But the stipulation contained no such condition. It clearly stated that plaintiff did not concede the correctness of the nonsuit and that if such order was reversed, the stipulation was not binding on a retrial. As a judgment is a final determination of the right of the parties

(Code Civ. Proc., sec. 577) the addition of the condition would have nullified the judgment. Since the court correctly decided that the written agreement was not subject to the oral condition it properly granted judgment against the plaintiff for the obligations of such written agreement.

Judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.