## ZIPPAR v. REPPY.

LANDLORD AND TENANT — TENANCY FROM YEAR TO YEAR.— Where a
lessee for a year, upon the expiration of his term, continues in pos-
session by the consent of the lessor, with no alteration in the agree-
ment between them save an increase in the rent, which is duly paid,
he becomes a tenant for another year.

*Appeal from District Court of Arapahoe County.*

Messrs. PENCE & PENCE and DOLLOFF & WRIGHT, for ap-
pellant.

BISSELL, C.  George F. Reppy commenced this action
before a justice of the peace to recover the possession of
certain properties situated in the city of Denver. He based
his right of recovery upon a lease executed upon the 1st
day of December, 1886, by one Harriett Ullman, the owner
of the property, to him and another. The defense was a
lease, resulting, by operation of law, from a holding over
by Zippar, after the expiration of a term previously granted.

It appeared in evidence that in August, 1885, the owner
of the property, Mrs. Ullman, executed a written lease to
the defendant, Zippar, for the period of one year, upon cer-
tain terms and conditions, among which was the payment
of a monthly rent of $80. The tenant Zippar occupied the
premises until the expiration of the term limited by his
original agreement. Within a day or two of the 1st of
August, 1886, Mrs. Ullman called for her rent, and when
tendered a check for $80, which had been the agreed price,
demanded $5 per month more, alleging that the neighbor-
ing premises were being rented for $85, and she should de-
cline to take less for her property. Nothing whatever was
said between the parties as to the terms, or conditions, or
duration of the ensuing tenancy in case Zippar should ac-
cept the proposition of a raise. The next day Mrs. Ullman
came back for her rent and was paid the $85 which she had
insisted upon receiving as the monthly rental. Thereafter

the defendant, Zippar, continued to occupy the premises and pay the stipulated rent, until the month of December, 1886, at which time he was given notice to quit; refusing to vacate, these proceedings were instituted for the purpose of ejecting him. The proceedings resulted in a judgment of ouster.

He contended that since he had been a tenant from year to year, and, upon the expiration of the term limited by the original agreement, had continued in possession by the consent of the landlord, with no change in the contract between them save the alteration which was made in the price, he had a right to occupy and be treated as a lessee for the term of one year. That he was right is too well settled in the law to permit of dispute.

After the expiration of a lease for a year, if the tenant holds over with the consent of the landlord, the law treats him as responsible to him as upon a hiring for another year, upon the same terms and conditions as those which controlled the antecedent tenancy.

This principle is so well settled that it would be folly to encumber the reports with a statement of the reasons upon which the rule is based. It is enough to declare its existence. *Schuyler v. Smith*, 51 N. Y. 309; *Wolffe v. Wolff*, 69 Ala. 549.

As in all other states where the question has arisen, the same doctrine has been declared in Colorado, and in these terms: " If a tenant under a lease for a year holds over after the expiration of his term, in the absence of a new agreement, he holds the premises subject to the covenants and conditions contained in the original lease. The holding over rests not upon the former lease, but upon a new contract which the law implies to be for the same time, and upon the same terms, with the lease under which the premises were held the preceding year." *Sears v. Smith*, 3 Colo. 288; *Reithman v. Brandenburg*, 7 Colo. 481.

Nothing whatever occurred between the parties at the time of the payment of the rent in August, 1886, to pre-

vent the application of this well-established rule.    Both the landlady and the tenant were silent upon every matter essential to the construction of a new agreement.    It is well settled that the rights of the parties were unaffected by the alteration of the rent.    *Digby v. Atkinson*, 4 Camp. 275.

The existing tenancy must then be held to be one for a year, running from August, 1886, until August, 1887.

The judgment should be reversed and the cause remanded.

RICHMOND and REED, CC., concur.

PER CURIAM.    For the reasons stated in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*