[S. F. No. 2935.  In Bank.—July 25, 1905.]

MARY.ELLEN.WADMAN et al., Executrices, etc., Respondents, v. W. J. BURKE et al., Appellants.

LEASE—TRADE FIXTURES—NEW LEASE—SILENCE AS TO REMOVAL—INJUNCTION.—A lessee for years who, during the term, has annexed trade fixtures to the realty, and who, without removing the same, has, after the expiration of the term, accepted a new lease for. years containing different terms and conditions, and which is silent as to trade fixtures, and which covenants to repair the premises and to surrender them at the expiration of the new term in good state and condition, takes such new lease as one of land and fixtures; and an injunction will lie to prevent removal of the trade fixtures at the end of the new term.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.  James M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. D. Sullivan, Herbert Choynski, and Charles E. Nougues, for Appellants.

The possession was not surrendered, and the agreement for the new lease having been made before the expiration of the term, at the same rent as for the first five years, it was a substantial renewal, and preserved the right to remove the trade fixtures. (*Penton* v. *Robart*, 2 East, 88; *Weston* v. *Woodcock*, 7 Mees. & W. 14; *King* v. *Wilcomb*, 7 Barb. 263; *Devin* v. *Dougherty*, 27 How. Pr. 455; *Allen* v. *Kennedy*, 40 Ind. 142; *Ross* v. *Campbell*, 9 Colo. App. 38, 47 Pac. 465; *Second Nat. Bank* v. *Merrill Co.*, 69 Wis. 501, 34 N. W. 514; *Hedderich* v. *Smith*, 103 Ind. 203, 53 Am. Rep. 509, 2 N. E. 315; *Coe* v. *Hobby*, 72 N. Y. 141, 145, 28 Am. Rep. 120; *Witmark* v. *New York etc. R. R. Co.*, 27 N. Y. Supp. 777, 57 N. Y. St. 801, affirming 149 N. Y. 393, 44 N. E. 78.)

William B. Bosley, and John S. Drum, for Respondents.

Conceding the articles to be trade fixtures, the right to remove them was lost after the expiration of the term, no right being reserved in the new lease. (Civ. Code, secs. 1013,

1019; *Loughran* v. *Ross,* 45 N. Y. 792, 6 Am. Rep. 173; *Watriss* v. *First Nat. Bank,* 124 Mass. 571, 26 Am. Rep. 694; *Carlin* v. *Ritter,* 68 Md. 478, 13 Atl. 370, 374-376, 6 Am. St. Rep. 467; *Jungerman* v. *Bovee,* 19 Cal. 354; *Merritt* v. *Judd,* 14 Cal. 59, 71, 72; *Marks* v. *Ryan,* 63 Cal. 107; *Board of Education* v. *Grant,* 118 Cal. 39, 50 Pac. 5.) The fixtures became a part of the realty and remain so until severed. (*San Francisco Breweries* v. *Schurtz,* 104 Cal. 420, 427, 38 Pac. 92; *Commercial Bank* v. *Pritchard,* 126 Cal. 600, 605, 59 Pac. 130, and cases cited.)

VAN DYKE, J.—This is an appeal from an order denying defendants' motion for a new trial. The action was instituted April 28, 1897, to obtain an injunction restraining the defendants from selling and removing certain saloon fixtures from a building belonging to the estate of the plaintiffs'. testatrix. On the 26th of March, 1888, defendant Burke leased from Lawrence Kelly, then the owner, the premises at the northeast corner of Valencia and Twenty-sixth streets, in the city and county of San Francisco, for the term of five years from the first day of September following, at the monthly rental of seventy-five dollars per month, payable in advance on the first day of each and every month during said term. Said lease also contained a covenant for the renewal for the further term of five years at the monthly rental of one hundred dollars per month. Before the expiration of the term created by this lease said Lawrence Kelly granted and transferred the premises described therein to Ellen Kelly, the testatrix of these plaintiffs. The court found that after the said defendant Burke was let into possession of the premises in question, under and in pursuance of said lease, and during the autumn of 1888, he caused to be permanently and securely attached, annexed, and affixed to said building, by physical connection, certain doors, front and back bars, and lunch-counters, glass cupboards, chandeliers, and gas fixtures, etc.

Shortly before the expiration of this lease negotiations were entered into between him and the then owner of the said premises, Ellen Kelly, for a new lease for the term of five years from September 1, 1893, at the monthly rental of seventy-five dollars per month. This new lease, however, was

not executed until November 1, 1893, although the possession of said Burke was not interrupted. Ellen Kelly died testate June 21, 1896, and thereafter, March 1, 1897, plaintiffs were appointed executrices of her will.

There being no appeal from the judgment,—which was entered some four years before the appeal from the order denying plaintiffs' motion for a new trial was taken,—the sufficiency of the complaint or findings to support the judgment or conclusions of law cannot be considered. The only question demanding consideration on this appeal is whether the evidence is sufficient to support the findings.

The appellants contend that the articles in controversy were affixed for the purposes of trade,—that is to say, were trade fixtures,—and were removable by the tenant Burke, as belonging to him. The reply of respondents to this is, that, conceding them to be trade fixtures, they must be removed before the expiration of the lease during the term of which the fixtures were annexed to the freehold. The evidence shows and the court finds that these fixtures were put in, or annexed to the building in question, before the expiration of the first lease, and it would seem that the matter of the fixtures was in the minds of the parties to the second lease at the time it was entered into. The defendant Burke in his testimony in reference to the negotiations with Mrs. Kelly says: "She said she would consider the matter, and after a time, said to me, 'So far as I am concerned, you are a very good tenant and I have not anything to object to in you'; and she said, 'in order to have you not leave and move the fixtures out, you can stay there at the old rental, $75.00 a month.' And thereupon we entered into the lease set forth in paragraph IV of plaintiffs' complaint."

The fact that defendant Burke did not exercise his right under the old lease of having a renewal at the rental of one hundred dollars per month, with the privilege of removing his fixtures, but entered into the lease under consideration at the reduced rate of seventy-five dollars per month, without any reservation whatever of the right to remove the fixtures, would seem to show that the rent was reduced in view of having the fixtures remain as a part of the premises. Unless there is some understanding, express or implied, between the lessor and the lessee in the second lease, at the time it was executed,

as to the fixtures, the rule of law is as contended by the respondents, that the tenant entitled to remove trade fixtures must avail himself of that right before the expiration of the term of the lease during which they are affixed. In *Watriss* v. *First Nat. Bank,* 124 Mass. 571, [26 Am. Rep. 694], the court says: "When the same tenant continues in possession under a new lease containing different terms and conditions, making no reference to the old lease, reserving no rights to the lessee in fixtures annexed during the previous term, and not removed before its expiration, and containing the covenant to deliver up the premises at the end of the term in the same condition, this is not the extension of or holding over under an existing lease; it is the creation of a new tenancy. And it follows that whatever was a part of the freehold when the lessee accepted and began his occupation under the new lease must be delivered up at the end of the term, and cannot be severed on the ground that it was put in as a trade fixture under a previous lease which has expired. The failure of the lessee to exercise his right to remove during the former term, or to reserve it in his new contract, precludes him from denying the title of his landlord to the estate, and the fixtures annexed, which have become part of it." This case is cited with approval in *Marks* v. *Ryan,* 63 Cal. 107. In *Marks* v. *Ryan* this court, after referring to the cases of *Merritt* v. *Judd,* 14 Cal. 60, and *Jungerman* v. *Bovee,* 19 Cal. 355, said: "According to the doctrine of those cases, upon the execution of a new lease the lessee 'is in the same situation as if the landlord, being seized of the land, had leased both land and fixtures to him.' In that case we do not think that any one would claim that the lessee could remove the buildings, or that they were not fixtures annexed to the land."

Under the evidence and findings of the court the fixtures attached by the lessee to the leasehold property became a part of the realty and remain so until severed. (*San Francisco Breweries* v. *Schurtz,* 104 Cal. 427, [38 Pac. 92]; *Commercial Bank* v. *Pritchard,* 126 Cal. 605, [59 Pac. 130], and cases there cited; Civ. Code, sec. 658, 660.) At the time the said lease between Ellen Kelly and defendant Burke was entered into the fixtures sought to be removed in this case, and to prevent which the injunction was granted, were part of the realty,

and when Burke accepted said lease, as lessee, he covenanted to "well and sufficiently keep in repair the said premises, with their appurtenances, when and as often as the same shall require, damages by fire alone excepted. And that at the expiration of said term, the said party of the second part will quit and surrender the said premises in as good state and condition as reasonable use and wear thereof will permit (damages by the elements excepted)." And the lease, as already stated, contained no covenant or agreement permitting the lessee to sever and remove the fixtures from said premises.

The order appealed from is affirmed.

McFarland, J., Henshaw, J., Angellotti, J., and Beatty, C. J., concurred.

SHAW, J.—I dissent. I think, in substance, the new contract was a renewal of the old lease, and was so understood and intended.

LORIGAN, J.—I concur in the dissent of Justice Shaw for the reason given by him.