[Civ. No. 569.  First Appellate District.—February 17, 1909.]

## JESSE H. WOODS, Appellant, v. BANK OF HAYWARDS, Respondent.

LEASE TO BANK—TRADE FIXTURES OF BANKING BUSINESS—VAULT AND
FIXTURES—RIGHT OF REMOVAL.—Where a lease to a bank by the
owner of the premises provided that the bank might at any time
remove any improvement erected upon the premises leased including
a vault, fixtures and furniture, the word "vault" includes the whole
structure erected by the bank as such at its own expense, compris-
ing the brick work, steel lining, vestibule and door, which is re-
movable as a trade fixture, at any time during the lease, or any
continuation thereof by the lessor or his successor in interest.

ID.—NEW LEASE NOT A CONTINUATION.—If a new lease is made which
is not a continuation of a former lease, the owner of trade fixtures
must be careful to reserve the right to remove the same, else such
right would be gone, and he would be in the same position as if
the lessor, being seised of the land and fixtures, had demised both
to him.

ID.—CHANGE IN PAST TERMS OF TENANCY BY SUCCESSOR OF LESSOR—
CONTINUANCE OF REMAINING TERMS OF LEASE—RIGHT TO REMOVE
VAULT.—Where, at expiration of the lease, the bank remained in
possession under the successor in interest of the lessors, the terms
of the lease being changed in respect of an increased rent, and a
holding from month to month, the tenancy must be deemed as a
continuation of the lease in all other respects, including the right
of the bank to remove its vault as a trade fixture, and the successor
in interest of the lessor cannot enjoin such removal.

ID.—STEEL STRUCTURE NOT SEPARATE FROM VAULT.—The steel structure
is not a thing separate from the vault, but is an essential part of
it.  It was not built independently of and unattached to the brick
work in order to have it regarded as a separate and distinct article
of personal property, but it must be regarded as a trade fixture in
connection with the whole structure, built by the bank at its own
expense, as a necessity in the conduct of its business.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial.  F. B.
Ogden, Judge.

The facts are stated in the opinion of the court.

Dudley Kinsell, for Appellant.

Powell & Dow, for Respondent.

KERRIGAN, J.—This action was commenced to obtain an injunction, perpetually restraining the defendant, a tenant of the plaintiff, from removing a vault from the premises described in the complaint. The court denied the injunction, and rendered judgment in favor of the defendant. Plaintiff appeals from the judgment and also from the order denying his motion for a new trial.

In 1891 the Bank of Haywards, defendant, went into possession of the premises under a written lease, which provided that the bank might at any time remove any improvements erected or placed by it upon the demised premises, including vault, fixtures and furniture. Shortly after the defendant entered into possession, it constructed in the building situated upon said premises, at its own expense, a brick vault or arch, the foundation of which rested upon the basement floor of the building, and on the top of which there was placed a steel structure or safe eight feet in height, six feet ten inches in width and eight feet in depth. Each surface was made of sheets of steel three-eighths of an inch thick, fastened together with rivets; and as an entrance thereto there was a neck or vestibule seven feet in height, three feet in width and eighteen inches in depth, leading from a steel door to the main interior of the safe. The vestibule and door were made of sheets of steel similar to those described, and fastened together in like manner. Around and over this safe there were erected brick walls and a roof, in such manner, however, as to leave between them and the steel safe a vacant space of not less than twelve inches.

In 1903 another lease was made to the defendant by Lucinda F. Prowse, the predecessor in interest of plaintiff, wherein it was provided that defendant might remove its vault, fixtures and furniture at any time during the existence of the lease. At its termination the defendant remained in possession by permission of the plaintiff (who had in the meantime become the owner of the premises), at an increased rent as a tenant from month to month. The defendant, at the time of the commencement of this action, was about to vacate the premises, and threatened to remove the safe, claiming a right to do so, first, on the ground that the safe is personal property, and secondly, that even if it be not, it is a trade fixture, removable at any time during the term of the

lease or any extension thereof, and in this connection defendant claims that its present tenancy from month to month is merely an extension of its preceding term.

In one of the findings of the court the steel part of the vault is described as a "separate and distinct article of personal property," and under this finding defendant claims in effect the right to remove it even after the termination of the tenancy. We think that the steel structure is not a thing separate from the vault; but that it is an essential part of it— the steel lining thereof; in other words, that the whole structure, comprising the brick work, steel lining, vestibule and door constitute what is referred to in the lease as the vault. The steel structure was not built independent of and unattached to the brick work in order to have it regarded as a separate and distinct article of personal property. It was so made—as are all such vaults—to keep its contents dry and to afford them better fire protection. However that may be, the court found upon uncontroverted evidence that the whole structure had been built by the bank at its own expense; that it had ever since been used by the bank, and that it was a necessity in the conduct of the bank's business; that the parts composing the steel structure could be removed, the pieces reassembled and used again for the same purpose without injury to the safe or to the freehold. The court having thus found, the steel structure may be regarded—as we believe it should be—as a trade fixture.

Section 1019, Civil Code, provides that "a tenant may remove from the demised premises, any time during the continuance of the term, anything affixed thereto for purposes of trade . . . if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

In *Moody* v. *Aiken,* 50 Tex. 65, a safe was placed in a brick foundation, and encased in brick walls and a roof of iron and cement. It did not touch any of the walls of the vault, nor was it fastened or attached thereto. Held to be a removable fixture.

In *Dostal* v. *McCaddon,* 35 Iowa, 318, a safe inclosed in a brick and stone vault erected and used for carrying on a banking business was denominated a trade fixture, and held removable during the life of the lease. (See, also, Civ. Code,

sec. 1019; 19 Cyc. 1041; *Wiggins Ferry Co.* v. *Ohio etc. Ry. Co.*, 142 U. S. 396, [12 Sup. Ct. 188].)

Defendant, as we have seen, did not vacate the premises at the end of the term specified in the lease of 1903; but remained in possession as a tenant from month to month; and the real question in the case is whether a new lease was thereupon created, or whether such tenancy from month to month constitutes an extension of the term of the old lease.

If it constituted a new lease the case is governed by the rule laid down in Taylor's Landlord and Tenant, at section 552, where it is said: "If a tenant, at the close of his term, renews his lease, and acquires a fresh interest in the premises, he should take care to reserve his right to remove such fixtures as he had a right to sever under the old tenancy. For when his continuance in possession is under a new lease or agreement, his right to remove is determined, and he is in the same situation as if the landlord, being seised of the land together with the fixtures, had demised both to him." (See, also, *Marks* v. *Ryan,* 63 Cal. 110; *Wadman* v. *Burke,* 147 Cal. 354, [81 Pac. 1012].) We, however, with defendant believe that its continued occupancy of the premises must be regarded as an extension of the lease of 1903, and that the parties are deemed to have assented to the terms of that lease save as modified in respect to the monthly rent. One of the terms of the old lease thus surviving was the right of the defendant to remove its vault at any time during the existence of the lease. Section 1945 of the Civil Code provides: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time not exceeding one month when the rent is payable monthly, nor in any case one year."

In 18 American and English Encyclopedia of Law, second edition, page 200, the rule is thus stated: "If the landlord notifies the lessee before the beginning of a new tenancy that the terms of the original tenancy will be changed in a certain respect, such as that an increased rent will be required, to the extent of such change the terms of the original lease do not apply, as it will be held that the tenant assented to the change; but the original lease is applicable in all other

respects.'' (See, also, 18 American and English Encyclopedia of Law, 2d ed., p. 408; Jones on Landlord and Tenant, secs. 213, 337, and 717; 24 Cyc. 1379; *Coatsworth* v. *Ray,* 28 N. Y. Civ. Proc. Rep. 6, [52 N. Y. Supp. 498]; 32 Am. Dig. 883, sec. 796; 1 Wood's Landlord and Tenant, p. 28; *Rand* v. *Purcell,* 58 Ill. App. 228.) Here it appears that the tenant held over not after notice, but by permission of the landlord at an increased rent; this slight difference, however, in circumstances cannot affect the application of the rule just stated. In *Zippar* v. *Reppy,* 15 Colo. 260, [25 Pac. 164], it is held that where a lessee upon the expiration of his term continues in possession by consent of the lessor, with no alteration of the agreement between them save an increase in the rent, he becomes a tenant at the increased rent; but as to all other matters the terms expressed in the former lease will govern.

The defendant held over after the end of the term fixed in the lease of 1903, plaintiff consenting, with no change in the terms of the tenancy except as to the monthly rent; and, under the authorities cited we are of opinion that the parties are presumed to have continued the old lease and assented to its terms except as to the time and the amount of rent.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 17, 1909.