[Civ. No. 8801. Second Appellate District, Division Two.—December 24, 1934.]

CLARENCE H. HULL, Respondent, v. HUBERT F. LAUGHARN, as Trustee, etc., et al., Appellants.

Smith & Dunn for Appellants.

William T. Kendrick and W. T. Kendrick, Jr., for Respondent.

WILLIS, J., *pro tem.*—Respondent filed an action in the lower court against appellants wherein the complaint was

denominated "Complaint for Trespass and Damage". He alleged actual and peaceable possession and right to possesssession of certain real property, and ownership and possession of certain personal property located thereon, of a certain value, with which he was operating on said real property a licensed game as a business, the good will of which was of a certain value; that on March 29, 1931, appellants entered upon said real property without the consent of respondent and forcibly broke down the wall inclosing the building thereon containing said personal property, took possession of said personal property and carried it out of said building and "thereby converted the same to the use of defendants, and since said time plaintiff has not had the use or possession of said property or any part thereof"; that by reason of said acts respondent's business and good will were "wholly broken up and destroyed, and no less than $5,990.98 will compensate plaintiff for the detriment approximately (sic) caused by such acts." The prayer is for judgment for the amount above stated.

Appellants in their answer admitted the location of the personal property in the building on the premises described, and that they removed a wall in said building and took therefrom the personal property and stored the same with the Union Transfer and Storage Company for the disposition of respondent, of which fact respondent was so advised. As an affirmative defense appellants alleged that on or about March 6, 1931, Ocean Park Realty Corporation, one of the appellants herein, permitted respondent to occupy said premises from day to day only, in consideration of a percentage of daily receipts of said game; that respondent stated to said appellant that he could and would remove said personal property from said premises within one hour's notice from appellant that it so desired; that relying on this statement said appellant permitted respondent to take possession of said premises to occupy the same only until appellant secured a tenant therefor; that on March 26, 1931, and on March 27, 1931, said appellant in writing notified respondent that it desired him to remove before a time certain; that on March 29, 1931, respondent not having removed his personal property from said premises, said appellant caused said property to be removed and placed in storage with appellant Union Transfer and Storage Company, at the will

and disposition of respondent; that on April 1, 1931, said appellant, Ocean Park Realty Company, notified respondent in writing of said removal and storage and that said property was available for respondent's disposition; that said property ever since its removal was and now is located in the storeroom of said storage company subject to the control and disposition of respondent.

After trial in the court below the court found that all the allegations of the complaint were true, except as to value and amount of detriment. As to the value of the personal property, the court found it to be the sum of $1,090.98, and no more; and as to detriment, the court found that respondent's business and good will was not wholly destroyed by reason of appellants' acts, and found that the good will had no value whatever. The court further found that the allegations in the affirmative defense were untrue, except that it is true that appellants removed said personal property from said building and caused the same to be placed in storage as alleged, and on April 1, 1931, notified respondent in writing of said facts; that said property was available for respondent's disposition and that it was and now is located in said storage place subject to the control and disposition of respondent. On these findings the court made its conclusion that respondent was entitled to judgment for $1,090.98, with legal interest from March 29, 1931, as against all appellants herein. Judgment was accordingly entered and from it this appeal is taken.

Appellants present two points only, the first relating to the sufficiency of the evidence to support the finding adverse to their affirmative defense in respect to the nature or character of respondent's tenancy, and the second contending that regardless of the nature or character of such tenancy no conversion of the personal property was had by appellants or any of them.

In view of the record showing that this case was tried and decided as a case of conversion, the question of the nature and character of respondent's tenancy would become irrelevant as a proposition of law. However, it would still remain a factor in the case, as evidentiary matter relevant and material to the question of appropriation or conversion by force. In that connection we so consider it, and address ourselves to appellants' first proposition, which,

stated in another form, is that under the evidence respondent was a tenant at sufferance and not entitled to any notice to quit before the landlord could lawfully enter and dispossess him. Without attempting to state the evidence it must suffice to say that an examination thereof reveals that respondent, at the time of the acts complained of, was occupying the real property in question under what is denominated a ''tenancy for years''. He went into possession under a written lease for the term of one week and continued thereafter to hold over from week to week, paying, and the landlord receiving, the rent as provided in the lease until he was ousted on March 29, 1931. ▌ There is substantial evidence to support this implied finding and to support the negative finding respecting the affirmative defense of a subsequent oral day to day lease. Respondent was therefore entitled to one week's notice. (Sec. 1946, Civ. Code.)

On the other hand, undisputed evidence herein negatives the claim of appellants that the tenancy was one of sufferance ▌ Such a tenancy is when one comes into possession of land by lawful title but keeps it afterward without any title at all. (*Gartlan* v. *C. A. Hooper & Co.*, 177 Cal. 414 [170 Pac. 1115].) Such tenant is not entitled to notice to quit. (*Hauxhurst* v. *Lobree*, 38 Cal. 563; *Moore* v. *Morrow*, 28 Cal. 552.) A tenant by sufferance is one who enters by a lawful lease and wrongfully holds over. ▌ This is distinguishable from a tenancy at will, which is always by right and by permission. (Tiffany, Landlord and Tenant, vol. 1, pp. 141, 142.) The distinguishing feature of a holding by sufferance is the absence of consent. (Jones on Landlord and Tenant, sec. 220.) ▌ The tenancy for years resulting from a holding over by consent of the landlord rests upon implication only. But when the parties have made an express agreement relating to the new tenancy, then there is no room for implication to operate, but a new lease comes into existence which will determine the rights of the parties. (*Blumenberg* v. *Myres,* 32 Cal. 93 [91 Am. Dec. 560].) Herein appellants pleaded such new lease. On conflicting evidence the trial court found against such plea and this court is bound thereby.

Appellants' second point is that no conversion occurred. The claim of conversion herein rests entirely upon the taking

of respondent's property by a landlord and placing the same in storage to respondent's use, subject to his order and disposition, with a subsequent notice thereof which the evidence shows carried with it the burden of payment of storage charges by respondent. ■ Conversion consists in the unwarranted interference by defendant with the dominion over the property of plaintiff, from which injury to the latter results. (*Poggi* v. *Scott,* 167 Cal. 372 [139 Pac. 815, 51 L. R. A. (N. S.) 925]; *Edwards* v. *Jenkins,* 214 Cal. 713 [7 Pac. (2d) 702].) Dominion is defined in law lexicons as ''perfect or complete property or ownership in a thing'' (Bouvier's Law Dict.); ''complete ownership; absolute property'' (Anderson's Dict. of Law); and ''ownership or right to property'' (Black's Law Dict.).

■ The findings of the court on appellants' affirmative defense, both express and implied, support the conclusion that appellants unlawfully interfered with the dominion, as thus defined, over respondent's property, in defiance of his rights. This constituted conversion, and the presumption of detriment resulting therefrom, arising under the provisions of section 3336 of the Civil Code, could not be repelled by appellants' subsequent action in offering to restore the property to respondent without his consent (sec. 3337, Civ. Code). It must be held, therefore, that the findings that appellants converted the property in question to their own use, as alleged in the complaint, find support in the evidence, and that the judgment based thereon is sustained.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.