WILLIAM McGANN, Appellant, v. JOSEPH F. DRENNAN and CLAUDE S. CROMIE, Respondents.— In an action to recover damages for personal injuries caused by the negligence of the defendants, judgment in favor of the plaintiff unanimously affirmed, without costs. In our opinion the verdict was not inadequate in amount. The charge with respect to the failure to call Dr. Silverman as a witness was incorrect; but in view of the verdict in favor of the plaintiff, and of our conclusion that the amount was not inadequate, we may, under section 106 of the Civil Practice Act, disregard the error. Appeal from order denying motion to set aside the verdict dismissed. There is no such order in the record. Present — Hagarty, Carswell, Johnston, Adel and Close, JJ.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Appellant, v. MOSLER SAFE COMPANY, Sued Herein as MOSLER SAFE Co., INC., Respondent, and Others, Impleaded Defendants.— This action was brought by the appellant, a mortgagee of real property, holding consolidated mortgages thereon, against the respondent, Mosler Safe Company, for damages for alleged waste. Treble damages were demanded. The basis of the action was the removal by respondent, from a bank building in Lynbrook, Nassau county, of a bank vault and night depository which had been installed theretofore in the building by the respondent for the Nassau Bank of Lynbrook, a tenant of the owner of the mortgaged premises. The respondent claimed the right to remove the vault and depository by virtue of a sale thereof to respondent by the liquidating committee of the bank, which was in liquidation. Those members of that committee who survived, and the personal representatives of a deceased member, were impleaded at the instance of the respondent, which, by cross-complaint (counterclaim), alleged a breach of warranty and liability to the respondent in the event that it should be held liable to appellant in this action. The cause was tried by the court without a jury. The trial justice directed judgment (a) dismissing the complaint, with costs, and (b) dismissing the cross-complaint. The plaintiff, mortgagee, appeals from that judgment. Judgment dismissing complaint unanimously affirmed, with costs. The vault and depository thus removed never were subject to the appellant's mortgage thus consolidated. They were banking trade fixtures, removable from the mortgaged premises by the tenant bank without the consent of the appellant-mortgagee. Therefore, they were likewise removable by the respondent, the bank's successor in title to the equipment, during the term of the bank's lease of the mortgaged premises. (1 McAdam on Landlord and Tenant [5th ed.], 939; *Crater's Wharf, Inc.*, v. *Valvoline Oil Co.*, 204 App. Div. 840; *Wiggins Ferry Company* v. *Ohio & Mississippi Railway Co.*, 142 U. S. 396, 416; *Tifft* v. *Horton*, 53 N. Y. 377, 384; *Baker* v. *McClurg*, 96 Ill. App. 165; affd., 198 Ill. 28; 64 N. E. 701; *Woods* v. *Bank of Haywards*, 10 Cal. App. 93, 95; 106 P. 730; *Moody & Jemison* v. *Aiken*, 50 Tex. 65.) Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.