[Superior Court No. 101524. Appellate Department, Superior Court, San Diego County.—December 11, 1940.]

HARVEY D. FISHER, Appellant, v. PICKWICK HOTEL, INC. (a Corporation), et al., Respondents.

Liggett and Liggett for Appellant.

Monroe & McInnis for Respondents.

THE COURT.—Appellant, Harvey D. Fisher, on September 27, 1939, owned a 1939 model DeLuxe Dodge Sedan, admitted to have been of the reasonable value of $1,050, in

which were various items of personal property of the admitted value of $46.45. In the early morning of the day referred to, this automobile was driven into the garage of respondent Pickwick Hotel Company, which is under the same management as its hotel and occupies part of the same structure, by one Keith Case, who was in the driver's usual position. Appellant also sat in the front seat at Case's right. One English was in the back seat asleep. Case was not an employee of appellant but apparently his guest. One Scott Christian, respondent's attendant, received the car and gave to Case, the driver, a claim check reading as follows:

"Claim check 77876. All charges C. O. D. We are not responsible for loss or damage by fire or other causes beyond our control to vehicles or contents left with us. No cars delivered without this check."

Case passed the claim check over to appellant in the presence of the attendant Christian and in doing so was noticed by him. Nothing appears to have been said by anyone in connection with the parking of the car, except that appellant told the attendant to send English up to his room when he woke up. Appellant and Case then entered the hotel where appellant registered under a fictitious name as a guest. Case did not register. The desk clerk, an employee but not an officer of the respondent corporation, on learning that appellant had no baggage, asked for the room charge in advance, to which appellant responded by saying that his car was in the garage and that that should be sufficient security. On the clerk's insistence, however, he paid his room charge by giving his check, thereby disclosing his true name. He then went with Case to his room. Shortly afterwards Case came down to the garage, without appellant's knowledge, and demanded the car, and on being asked for the claim check told the attendant that his "partner" had mislaid it, whereupon the attendant let him take the car. He drove it away with English still occupying the back seat, and it was subsequently found in a wrecked condition. The salvage from the car amounted to $185. The personal property was not recovered. It was stipulated that appellant's loss was that claimed by him, which is $911.45 net. The foregoing facts are undisputed.

The case was tried by the court without a jury and resulted in findings in which it is *inter alia* determined: "that the defendant" (respondent) "and its agents and employees had

neither notice nor knowledge that the said Keith Case was not the owner of said automobile or entitled to the use and possession thereof''.

It was also found that when Case demanded the car the attendant recognized him as the same person who had driven it in.

The trial court concluded, as a matter of law, that the claim check was a mere means of identification of the person who delivered the automobile to respondent's garage for storage and that, in redelivering the car to him, respondent and its employee complied with the terms of the bailment contract. With this conclusion we are unable to agree. It appears, as we have noted, without dispute, that the attendant observed Case when he handed the claim check to appellant. That certainly put him on notice that appellant was at least one of the real parties in interest with whom in behalf of respondent he was contracting. The writing expresses the terms of the contract in so far as that here concerns us. One of these was that the car should be released only on return of the claim check. It is clear that the car was parked in respondent's garage as a measure of protection. The terms on which such protection was to be afforded were, as we have just seen, embodied in the claim check. Appellant was entitled to rely on the statement therein contained that the car would not be released without the presentation of the check. The check was not returned, nor was the party into whose hands it was, in the presence of attendant, delivered, consulted before the car was allowed to go out. The contract was thus clearly breached.

While the conduct of respondent's attendant thus amounted to a breach of the contract it went beyond that, and was in effect a conversion. In *Gruber* v. *Pacific States Savings & Loan Co.*, 13 Cal. (2d) 144, 148 [88 Pac. (2d) 137], it is said:

"It is settled that conversion is any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein."

The general rule is further, quoting *Hull* v. *Laugharn*, 3 Cal. App. (2d) 310, 315 [39 Pac. (2d) 478], thus laid down:

"Conversion consists in the unwarranted interference by defendant with the dominion over the property of plaintiff, from which injury to the latter results. . . . Dominion is defined in law lexicons as 'perfect or complete property or ownership in a thing' (Bouvier's Law Dict.); 'complete own-

ership; absolute property' (Anderson's Dict. of Law); and 'ownership or right to property' (Black's Law Dict.)."

In *Poggi* v. *Scott,* 167 Cal. 372, 375 [139 Pac. 815, 51 L. R. A. (N. S.) 925], it was said:

"The foundation for the action of conversion rests neither in the knowledge nor the intent of the defendant. It rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results. Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are of the gist of the action. 'The plaintiff's right of redress no longer depends upon his showing, in any way, that the defendant did the act in question from wrongful motives, or generally speaking, even intentionally; and hence the want of such motives, or of intention, is no defense. Nor, indeed, is negligence any necessary part of the case. Here, then, is a class of cases in which the tort consists in the breach of what may be called an absolute duty; the act itself (in some cases it must have caused damage) is unlawful and redressible as a tort.' "

The foregoing discussion makes it clear that the trial court's finding above quoted, to the effect that defendant, its agents and employees had neither notice nor knowledge that Case did not own the automobile, is not sustained by the evidence. Nor can the conclusions of law above referred to be maintained. The judgment is reversed and the municipal court directed to enter judgment for the plaintiff upon the undisputed facts for $911.45 and costs.

A petition for a rehearing was denied January 10, 1941.