T.C. Memo. 1999-201


UNITED STATES TAX COURT


ESTATE OF JAMES G. FRAZIER, DECEASED,
JAMES G. FRAZIER, JR., EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18886-97.                    Filed June 18, 1999.


<u>John J. McGregor</u>, for petitioner.

<u>Jeffrey L. Heinkel</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$1,546,156 in the Federal estate tax of the estate of decedent
James G. Frazier.

After concessions, the sole issue for decision is whether certain trade fixtures were includable in decedent's gross estate.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, stipulation of settled issues, and attached exhibits are incorporated herein by this reference.

James G. Frazier (decedent) died on March 20, 1993. At the time of his death, decedent resided in Waterford, California.

On or about June 22, 1994, petitioner James G. Frazier, Jr., as executor, filed decedent's estate tax return. At the time the petition was filed, petitioner resided in Stanislaus County, California.

In 1981, decedent incorporated Frazier Nut Farms, Inc. (FNF). FNF conducted an almond and walnut processing, packaging, marketing, sales, and shipping business.

On January 1, 1983, decedent, as landlord, and FNF, as tenant, executed a lease for a 5-acre tract of land located in Waterford, California (the land). Under the terms of the lease,

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FNF agreed to pay $1,000 per year in rent plus all maintenance and taxes on the land.

The lease contained an initial term of 10 years with two options to renew for 10 years each. The options to renew required FNF to give written notice to decedent. The lease also specified that any holdover by the tenant with the landlord's consent "shall be construed as a tenancy at will and shall be determinable at the will of * * * [landlord] upon * * * [landlord] giving notice in writing to * * * [tenant] to vacate said premises."

During the 10-year term of the lease, FNF made numerous improvements on the land for the purposes of its business and at its sole cost. These improvements included a lunchroom, a storage building, fumigation and truck bays, a storage-warehouse building, nut bins, and asphalt paving. The improvements could be removed by taking down the buildings and digging out the concrete and asphalt.

The initial term of the lease expired on December 31, 1992. FNF never exercised its option to renew the lease. After the expiration of the lease and until the time of trial, FNF continued to occupy the land and use the improvements located thereon.

OPINION

A decedent's gross estate includes all property to the extent of the decedent's interest therein at the time of his death.  See sec. 2033.  A decedent's interest in property is determined by State law.  See Morgan v. Commissioner, 309 U.S. 78, 80 (1940).

Under California law, a fixture is a thing that is so attached to realty as to be considered in law a part of the realty itself.  See Cal. Civ. Code sec. 660 (West 1982). Generally, a tenant of real property has no right to remove fixtures from the leased premises, regardless of whether the tenant placed the fixtures there at his own expense.  See Cal. Civ. Code sec. 1013 (West 1982).  However, where fixtures are placed on leased premises for the purposes of trade (i.e., trade fixtures), a tenant has a limited right to remove those fixtures.

Section 1019 of the California Civil Code provides:

> A tenant may remove from the demised premises, any time during the continuance of his term, anything affixed thereto for purposes of trade, * * * if the removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises.

Cal. Civ. Code sec. 1019 (West 1982).  The improvements placed on the land by FNF were "trade fixtures" within the meaning of California Civil Code section 1019.

## Parties' Arguments

In the statutory notice of deficiency, respondent determined that the trade fixtures were includable in decedent's gross estate. On brief, respondent argues that FNF failed to remove its trade fixtures during the "continuance of * * * [its] term" as required by section 1019 of the California Civil Code; therefore, the trade fixtures belonged to decedent at the time of his death and are includable in his gross estate.

Petitioner argues that FNF's right to remove its trade fixtures continued after decedent's death; therefore, decedent held no interest in the trade fixtures at death, and they are not includable in decedent's gross estate.

## Time for Removal

When FNF initially took possession of the land, it did so under a written lease with decedent. The term of the lease was for 10 years with two options to renew for 10 years each.

Upon the lease's expiration on December 31, 1992, FNF retained its possession of the leased tract and continued to use the trade fixtures it had placed thereon. This holdover tenancy was a tenancy at will in accordance with the original lease's holdover provision. See Hull v. Laugharn, 3 Cal. App. 2d 310, 314 (1934); see also Spaulding v. Yovino-Young, 30 Cal. 2d 138, 141 (1947); Psihozios v. Humberg, 80 Cal. App. 2d 215, 220

(1947).  Neither party disputes that FNF's holdover created a tenancy at will.

Under section 1019 of the California Civil Code, a tenant may remove his trade fixtures only "during the continuance of his term".  We endeavor to interpret this phrase as a California court would.  See Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967).  We must determine whether "the continuance of his term" refers only to the original 10-year term or whether it also includes FNF's holdover period.

In Merritt & Bourne v. Judd & Byrne, 14 Cal. 59 (1859), a case decided prior to the enactment of section 1019 of the California Civil Code, the California Supreme Court held that a tenant's renewal of his lease constituted a new tenancy, and the tenant's right to remove trade fixtures was lost upon his renewal.  The court reasoned that upon the commencement of the new lease, the tenant was "in the same situation as if the landlord, being seized of the land, had leased both land and fixtures to him."  Id. at 71.  In Wadman v. Burke, 147 Cal. 351, 353-354 (1905), a case decided after the enactment of section 1019 of the California Civil Code, the California Supreme Court held:

> Unless there is some understanding, * * * between the
> lessor and the lessee in the second lease, at the time
> it was executed, as to the fixtures, the rule of law is
> * * * that the tenant entitled to remove trade
> fixtures, must avail himself of that right before the

expiration of the term of the lease during which they are affixed.  * * *

In <u>Earle v. Kelly</u>, 21 Cal. App. 480, 484 (1913), a California district court of appeal held, relying on <u>Merritt</u> and <u>Wadman</u>, that "where the tenant makes a new lease which contains no stipulation giving him the right to remove fixtures which he might have removed during the first term, he loses the right to remove the fixtures."  The court further held that when a tenant renews his original lease or holds over after the expiration of his lease and the landlord accepts rent from him, his renewal or holdover creates a new tenancy, and the tenant loses his right to remove trade fixtures.  See <u>id.</u> at 484-485.  Since <u>Earle</u>, other California district courts of appeal have held that a holdover tenancy is treated as a new lease and not as an extension of the original lease.  See <u>Staudigl v. Harper</u>, 76 Cal. App. 2d 439, 451 (1946); <u>Kaye v. M'Divani</u>, 6 Cal. App. 2d 132, 134 (1935).

Petitioner argues that FNF's holdover should be treated as an extension of its original term and not a new tenancy. Petitioner cites two California district courts of appeal decisions, <u>Woods v. Bank of Haywards</u>, 10 Cal. App. 93 (1909), and <u>Knox v. Wolfe</u>, 73 Cal. App. 2d 494 (1946), as support for his proposition.

In <u>Woods</u>, the tenant held over, with the landlord's consent, under the same terms as the original tenancy except the rent was

increased and the term was limited to month to month. See Woods v. Bank of Haywards, supra at 94, 96. The court held that the tenant's "continued occupancy of the premises must be regarded as an extension of the [prior] lease". Id. at 96.

In Woods, however, the original lease contained a provision which allowed the tenant the right to remove its trade fixture (contractual right of removal). See id. The court read this contractual right of removal into the holdover tenancy. See id.

In Knox v. Wolfe, supra at 502, the court held that a tenant's holding over did not result in a new tenancy but only extended his original tenancy. As in Woods, the original lease in Knox contained a contractual right of removal. See id. at 499. The Knox lease additionally provided that any holdover would be "upon all of the terms and conditions" of the original lease. Id. at 501. The court, therefore, found that the tenant's contractual right of removal was carried over from the original lease into the tenant's holdover tenancy. See id. at 502.

In the case at bar, there was no contractual right of removal in the original lease. Furthermore, the original lease did not provide that any holdover was "upon all of the terms and conditions" of the original lease. Therefore, Woods and Knox are distinguishable from the case at bar.

Based upon our review of California State law, we conclude that FNF's holdover created a new tenancy. Accordingly, FNF's original tenancy expired on December 31, 1992. At the expiration of the original tenancy, FNF's statutory right to remove its trade fixtures under section 1019 of the California Civil Code expired. Therefore, at the time of decedent's death, the trade fixtures belonged to decedent and were includable in decedent's gross estate under section 2033.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.