**Estate of James G. FRAZIER, Deceased**

James G. Frazier, Jr., Executor Petitioner–Appellant,

v.

**Commissioner of Internal Revenue, Respondent–Appellee.**

No. 00–70012.
Tax Court No. 18886–97.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided May 3, 2001.

Before BEEZER, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

MEMORANDUM *

The Commissioner of Internal Revenue

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

issued a notice of deficiency against the estate of James G. Frazier, alleging that certain improvements made by a commercial tenant upon property owned by Frazier had become the property of Frazier himself by the time of his death. The improvements at issue were made by Frazier Nut Farms, Inc. ("FNF"), a company Frazier had incorporated in 1981 and of which he was part owner at the time of his death. Shortly after incorporating FNF, Frazier granted the company a ten-year lease for five acres of land that he owned in Waterford, California. During the term of the lease, FNF installed buildings and other improvements upon the property at its expense. When the initial term of the lease expired, FNF remained on the land with the implied consent of Frazier and his family. Frazier died three months later.

Frazier's executor filed the estate's tax return based on the assumption that it owned the Waterford real property but not the improvements that FNF had made to it. The IRS disagreed, believing that the value of the estate included the value of the improvements. After its review, the Tax Court sided with the Commissioner and ruled that, under California law, ownership of the improvements passed to Frazier at the end of FNF's original lease term. The estate appeals this decision.

 We review the Tax Court's conclusions of federal and state law *de novo. Estate of Rapp v. Commissioner,* 140 F.3d 1211, 1215 (9th Cir.1998). The context of the agreement between FNF and Frazier leads us to conclude that FNF's lease included an implied right to remove trade fixtures and an implied agreement that any holdover tenancy would continue according to the terms of the original lease

(except as to duration). As a result, we believe that under California law FNF retained the right to remove trade fixtures it had installed on the Waterford property even after Frazier's death. *See Woods v. Bank of Haywards,* 10 Cal.App. 93, 106 P. 730 (1909). We believe that *Wadman v. Burke,* 147 Cal. 351, 81 P. 1012 (1905), is inapposite because FNF and Frazier did not execute a new lease after the expiration of their original agreement. We therefore remand to the Tax Court for a determination of whether the improvements at issue were "trade fixtures" within the meaning of Cal. Civ.Code § 1019.

REVERSED and REMANDED.

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

